**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 22-067 (CJN)** |
| | ) | |
| **JOSHUA JOHN PORTLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant, Joshua John Portlock, through counsel, respectfully requests that the Court modify the conditions of his release to eliminate the requirement of home detention with location monitoring. In addition, Mr. Portlock seeks permission to travel to Florida for a work-related training. These changes are warranted given Mr. Portlock's compliance with all terms of release over the past seven and a half months.

(1) Mr. Portlock was arrested on November 3, 2021 in Smyrna, Tennessee. At a virtual detention hearing on November 9, 2021 he was placed on Personal Recognizance bond, to include home detention with electronic monitoring. The Court further ordered that he comply with courtesy supervision in the Middle District of Tennessee and that he surrender any passports to Pretrial Services. *See* ECF Dkt. No. 7.

(2) Mr. Portlock was indicted on March 4, 2022 and charged with three counts of Civil Disorder in violation of 18 U.S.C. §231(a)(3); one count of Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1); three counts of 18 U.S.C. §1752(a)(1)(2), and (4); and one count of 40 U.S.C. §5104(e)(2)(E) . *See*

ECF Dkt. No. 15.

(3) Since November 9, 2021 Mr. Portlock has been in compliance with all conditions of release and has appeared for all of his court proceedings.

(4) Mr. Portlock has opened his own business and clearing work-related trips to visit customers as well as occasional early visits to the office or necessary overtime has been burdensome to him.  In addition, Mr. Portlock has a work-related training in Florida that he would like to attend.  He would drive to Florida on July 14 and return on July 19.  He will provide all travel details to his Pretrial Services Officer.

(5) Undersigned counsel discussed this request with Mr. Portlock's pre-trial officer in the Middle District of Tennessee, who reports that Mr. Portlock has been compliant with all conditions of release.  He advised he does not oppose these proposed changes.  Undersigned counsel has also discussed this with government counsel and DC pre-trial services.  Neither opposes eliminating the home detention and electronic monitoring requirements or the work-related trip to Florida.

(6) Mr. Portlock no longer has access to his passport, must notify pre-trial services regarding any travel, and has been compliant with his conditions of release for the last several months.  He has shown that he is not a risk of non-appearance and will continue to abide by his pre-trial release conditions.

## **Conclusion**

For these reasons, Mr. Portlock respectfully requests that the Court grant this motion to modify conditions of release by removing the condition that he be subject to home detention and location monitoring.  He further requests permission to travel to Florida between July 14 and July 19 to attend a work-related training.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____

Ned Smock
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Ned_Smock@fd.org